NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0033n.06

No. 20-5968

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>Jan 20, 2022<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| FERNANDO RAFAEL LARA SALAS, | ) | COURT FOR THE EASTERN |
| Defendant-Appellant. | ) | DISTRICT OF KENTUCKY |
| | ) | |

Before: SILER, KETHLEDGE, and READLER, Circuit Judges.

KETHLEDGE, Circuit Judge.   A jury convicted Fernando Rafael Lara Salas on several drug-trafficking charges.  On appeal, Lara Salas challenges the sufficiency of the evidence and certain sentence enhancements.  He also argues that two of his firearm convictions effectively duplicate each other.  We enter a limited remand to vacate one of the firearm convictions, but otherwise affirm.

I.

Beginning in August 2016, in Lexington, Kentucky, police investigated Lara Salas—a Mexican national living illegally in the United States—and Jorge Macias Pedroza, based on information that the two were selling large quantities of cocaine.  The police set up physical, camera, and electronic surveillance of the two men and their cars.

Lara Salas and Macias Pedroza interacted daily and met repeatedly with a drug dealer, Robert Williams, sometimes at Lara Salas's house.  Lara Salas and Macias Pedroza also traveled

together to Cincinnati almost daily, where they usually met with another drug dealer, Robbie Warren. During one meeting, two unnamed men joined Lara Salas and Macias Pedroza, and used a key to enter Warren's house; Warren brought to the meeting an orange Nike duffel bag that appeared to contain brick-like objects.

Beginning in February 2017, Pastor Gary Brown—unaware of these activities—hired Lara Salas and Macias Pedroza to install drywall at The Journey, a church in Frankfort, Kentucky. During the pendency of that work, Lara Salas and Macias Pedroza parked a locked, black trailer on the job site. Both men had access to the trailer and regularly entered it over the following months, telling curious church ushers that the two men were getting tools from within.

In July 2017, law-enforcement officers executed a search warrant for Lara Salas's residence. They found a set of digital scales sitting on the kitchen counter. In an upstairs bedroom, police found a man named Nestor Barron, along with a duffel bag that contained over $100,000 in cash (wrapped in rubber bands) and six kilos of cocaine; each kilo was enclosed in green or blue shrink-wrap and one was marked with a "V." The bag also held Barron's bus tickets for a trip from Los Angeles two months before. In the same room, police found a box of 9-mm ammunition and a DVD player that hid approximately 1,600 pills of methylenedioxyamphetamine—known as MDA—and methamphetamine.

The officers continued their search downstairs, where they found Lara Salas asleep in a separate bedroom. In a drawer next to his bed, they found a loaded 9-mm pistol. Elsewhere in the room, officers found a bag of rubber bands that matched the ones that wrapped the cash in Barron's duffel bag. Lara Salas at first told police that he did not know Barron, but later admitted picking up Barron from the Greyhound bus station several weeks before and renting a room to him.

Police searched the trailer a few days later. Inside, they found another set of digital scales, along with shrink-wrap, and a wrapper containing fentanyl residue. They also found four kilos of tramadol enclosed in green shrink-wrap and marked with the "V" that appeared on the packages of cocaine in Lara Salas's house.

A grand jury thereafter indicted Lara Salas for conspiring to distribute and possessing with intent to distribute more than five kilograms of cocaine under 21 U.S.C. §§ 841(a)(1) and 846, possessing a firearm to further these drug trafficking offenses under 18 U.S.C. § 924(c)(1)(A), being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), being an alien in possession of a firearm while in the United States illegally, under 18 U.S.C. § 922(g)(5)(A), unlawfully reentering the United States under 8 U.S.C. §§ 1326(a) and (b)(1), and possessing with intent to distribute tramadol, fentanyl, methamphetamine, and MDA under 21 U.S.C. § 841(a)(1). At trial, the district court denied Lara Salas's motion for acquittal under Rule 29. The jury convicted Lara Salas on all counts.

At sentencing, the district court held Lara Salas responsible for the drug-quantity equivalent of 4,770.885 kilograms of marijuana based on the total amount of drugs found between Lara Salas's residence and the trailer. The district court also enhanced Lara Salas's guidelines range on the ground that he had played a leadership role in the conspiracy. *See* U.S.S.G. § 3B1.1(a). The court sentenced Lara Salas to 353 months' imprisonment, which included concurrent sentences of 120 months a piece for each of his two firearm convictions under 18 U.S.C. § 922(g). This appeal followed.

II.

A.

Lara Salas challenges the sufficiency of the evidence supporting seven of his convictions. We consider those challenges de novo, and ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Lara Salas first challenges the sufficiency of the evidence supporting his conviction for conspiring to distribute cocaine. To sustain a drug conspiracy conviction under 21 U.S.C. § 846, the government must prove "(1) an agreement to violate drug laws, (2) knowledge and intent to join the conspiracy, and (3) participation in the conspiracy." *United States v. Potter*, 927 F.3d 446, 453 (6th Cir. 2019). The "agreement can be tacit, not formal, and the government may meet its burden of proof through circumstantial evidence." *United States v. Hamm*, 952 F.3d 728, 736 (6th Cir. 2020). Here, Lara Salas routinely met with two drug dealers, including a meeting to which Warren brought a duffel bag filled with brick-like objects. Police also found four kilos of tramadol in the job-site trailer, and six kilos of cocaine and $100,000 in cash in Lara Salas's house. From this evidence, a rational juror could find that Lara Salas conspired to distribute cocaine. *See United States v. Taylor*, 248 F.3d 506, 515 (6th Cir. 2001).

Lara Salas also challenges the sufficiency of the evidence supporting his convictions for possessing cocaine, tramadol, fentanyl, methamphetamine, and MDA. "Possession may be actual or constructive," and constructive possession exists when the defendant "knowingly has the power and the intention at a given time to exercise dominion and control over an object." *United States v. Jenkins*, 593 F.3d 480, 484 (6th Cir. 2010). Here, the jury heard evidence that police found a cocaine-filled duffel bag and 1,600 pills in Lara Salas's house; that he possessed the same type of

rubber bands that bound over $100,000 in the same duffel bag; and that Lara Salas lied about knowing the person in whose room police found these drugs. Lara Salas also had access to the trailer, where police found the tramadol and fentanyl. The wrapper with fentanyl residue was on a shelf in the trailer, and the four kilos of tramadol bore the same "V" symbol that marked the cocaine in Lara Salas's house. This evidence would allow a rational juror to find that Lara Salas constructively possessed all these drugs. *See United States v. Gibbs*, 182 F.3d 408, 425 (6th Cir. 1999).

Lara Salas also challenges his conviction under § 924(c)(1)(A) for possessing a firearm in furtherance of a drug-trafficking offense. Although Lara Salas concedes that he possessed a loaded 9-mm pistol in a drawer next to his bed, he denies that he did so in furtherance of drug trafficking. But a rational juror could disagree, given that Lara Salas also constructively possessed six kilos of cocaine and over $100,000 in cash one floor up from his bedroom. *See United States v. Swafford*, 385 F.3d 1026, 1029 (6th Cir. 2004). Sufficient evidence supported this conviction.

B.

Lara Salas challenges certain factual findings that the district court made in determining his guidelines range. We review these findings for clear error. *United States v. Washington*, 715 F.3d 975, 982–83 (6th Cir. 2013).

First, Lara Salas challenges the district court's finding under U.S.S.G. § 3B1.1(a) that he had a leadership role in "a criminal activity that involved five or more participants or was otherwise extensive." *Id.* Specifically, Lara Salas argues his criminal activity (his involvement in the drug conspiracy) did not involve five or more participants. But Lara Salas, Macias Pedroza, and Barron were three participants in the conspiracy. And two unnamed men traveled with Lara Salas and Macias Pedroza to Cincinnati to meet with Warren, a drug dealer. The two men used a key to

enter Warren's house and attend the meeting; Warren brought them a duffel bag full of brick-like objects. That brings the number of participants up to at least six. The court did not clearly err in finding that these men were involved in the drug conspiracy with Lara Salas.

Lara Salas also challenges the drug quantity for which the district court held him responsible at sentencing. But this argument is identical to his earlier argument (regarding the sufficiency of his possession conviction) that he did not possess drugs at all. That argument is meritless.

## C.

Finally, Lara Salas argues that one of his firearms convictions should be vacated, given that both arose from the same act involving the same firearm. *See United States v. Grant*, 15 F.4th 452, 457 (6th Cir. 2021). The government agrees, as do we. One conviction was for being a felon in possession of a firearm in violation of § 922(g)(1); the other, for being an illegal alien in possession of a firearm in violation of § 922(g)(5)(A). The district court must vacate one of these convictions. But it should not resentence him, given that he received concurrent 120-month sentences for each.

\* \* \*

The district court's judgment is affirmed, except that we remand with instructions to vacate one of Lara Salas's firearm convictions.